**UNITED STATES of America,**
**Appellee,**

v.

**Jason FOXWORTH, Defendant–**
**Appellant.**

**No. 09–4581–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 22, 2010.

Neil B. Checkman, Law Office of Neil B. Checkman, Esq., New York, NY, for Appellant.

Avi Weitzman, Wai Shun Wilson Leung, Daniel A. Braun, U.S. Attorney's Office, SDNY, New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, JOSÉ A. CABRANES and WALKER, Circuit Judges.

### SUMMARY ORDER

Jason Foxworth challenges his 68–month prison sentence, which was imposed by the United States District Court for the Southern District of New York after Foxworth was convicted of bank fraud and conspiracy to commit bank fraud. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellate review of a district court's sentence has two components: procedural review and substantive review. *United States v. Cavera,* 550 F.3d 180, 189 (2d Cir.2008) (in banc). If the appellate court finds no procedural error, the substantive review is done under an abuse-of-discretion standard. *Id.* at 187 (citing *Gall v. United States,* 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Under the abuse-of-discretion standard, an appellate court will vacate the district court's sentence only in "exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Cavera,* 550 F.3d at 189 (quoting

*United States v. Rigas,* 490 F.3d 208, 238 (2d Cir.2007)).

Concluding that the district court committed no procedural error and that the 68–month sentence it imposed was reasonable and well within "the range of permissible decisions," we hereby **AFFIRM** the sentence.